HERBERT *versus* FORD.

The holder of an unnegotiable promissory note, made payable to him at the request of the party from whom the consideration moved, is, in a suit upon the note, and in the absence of any further proof of ownership, presumed to hold it in trust for the benefit of the party from whom the consideration moved.

Such a suit is open to the defence that there was a failure of consideration, either total or partial, whether the payee, at the time of receiving the note, did or did not know what the character of the consideration was.

It is the duty of the Court to define the meaning of words used in written contracts; but in verbal contracts, the jury are to decide, not only the language and the forms of expression used, but also to interpret their sense and meaning.

ON exceptions from a *Nisi Prius* term of this Court, WELLS, J.

In 1839, Dr. Ford, the defendant, and Dr. Clark were practising physicians. The defendant resided at Damariscotta. Dr. Clark lived at Bristol. Some arrangement was made between them, that Clark should give up his practice to the defendant, and remove from Bristol. In consideration of that contract, the defendant gave the note now in suit. The note is unnegotiable, and made payable to the plaintiff. Dr. Clark accordingly removed to New York, and the defendant removed to Bristol, where he practiced in his profession.

The case states that in 1842, the defendant having in some measure lost his health, for $200, sold out " a part of his practice" to Dr. Palmer, and removed back to Damariscotta, reserving liberty to practice in Bristol and the adjoining towns, when called for ; in all of which places, he has since continued to practice.

In 1844, Dr. Palmer made known that he should leave Bristol, and was told that, in such event, the people would prefer to have Dr. Clark return there. Palmer said the citizens had treated him kindly, and if they preferred to have Dr. Clark take the absent place, he would rather *give* the stand to him, than *sell* it to any one else, and he accordingly left the town without selling his stand. Dr. Clark was then written to, and re-established himself at Bristol in January, 1845.

Evidence was presented to the jury upon the controverted fact, whether it was by the consent of the defendant, that Clark returned to Bristol.

The plaintiff's counsel contended that as the note was made payable to the plaintiff, and had a good consideration at its inception, there being no evidence that the note belonged to Clark, a subsequent violation by Clark of his agreement with Ford, would not affect the plaintiff's right to recover.

But the Court instructed the jury that, if Herbert took the note with knowledge of the consideration, the violation by Clark of his agreement, in returning to Bristol in 1845, would be a good defence to this action to the extent of the injury to Ford, by reason of Clark's return.

Plaintiff's counsel contended that the agreement between Clark and Ford, from the nature of the subject of it, must be construed with limitations, and that it could not by law be construed to restrain said Clark from returning to Bristol and resuming practice there, in the event of Ford's indisposition, so as to become incapable of doing the professional business of the place, or in case of his removing from the town, and that his removing and selling out his practice to Palmer, and Palmer's subsequent removal from Bristol, leaving his place vacant, with no intention on the part of Ford to return to Bristol,

it was, on the part of Clark, no violation of his agreement, that he returned and resumed practice at his old stand, thus abandoned by Ford. And he requested that such instruction should be given to the jury.

He also contended that, Ford having sold out to Palmer, and Palmer consenting to Clark's taking his place, Ford having no intention of returning to Bristol, Clark's taking the place of Palmer, and the professional practice which Palmer was entitled to, was not, to that extent, a violation of his agreement with Ford, nor of any of the legal rights of defendant.

The Judge instructed the jury that they must determine for themselves what the contract was between Clark and Ford, and its extent and meaning, and whether it had been broken by Clark, and if broken, they must estimate the injury to defendant from the breach and deduct it from the note ; and if it exceeded the amount due on the note, their verdict must be for the defendant.

The plaintiff excepted.

*Ruggles & Gould,* for the plaintiff.

1. Though the consideration moved from Clark, in absence of all proof, the property in the note must be presumed to be in Herbert.

It must be regarded as having been given to him to pay a debt due from Clark to Herbert, and the burden is upon the defendant to show that the plaintiff does not hold the note for his own benefit, if he would set up in defence subsequent equities between himself and Clark, or a failure of consideration. *Tucker* v. *Smith,* 4 Greenl. 415; *Barret* v. *Barret,* 8 Greenl. 353 ; *Hatch* v. *Dennis,* 10 Maine, 244; *Lane* v. *Pendleton,* 14 Maine, 94 ; *Smith* v. *Prescott,* 17 Maine, 277.

2. Knowledge of what the consideration was, cannot be regarded as knowledge of any equitable defence, as none existed at that time, and the plaintiff could have foreseen none. *Goddard* v. *Lyman,* 14 Pick. 268 ; *Knapp* v. *Lee,* 3 Pick. 453.

3. Whether the contract between Clark and Ford is to be construed with limitations, was a question of law, and should

not have been submitted to the jury, as there was no conflict-
ing testimony about the *terms* of it.

Where the facts are clearly established or are undisputed or
admitted, the *construction* which they are to receive, is a
question of *law. Steward* v. *Riggs*, 10 Maine, 467 ; *Hill* v.
*Hobart*, 16 Maine, 164.

*Lowell*, for the defendant.

WELLS, J. — This case has been previously presented to the
Court for consideration.   29 Maine, 546.   The testimony
shows that the consideration of this note was the property of
Doct. Clark.   It does not appear that the plaintiff paid any
thing for it, or that he was in any manner a holder for a valu-
able consideration.   If there was no evidence in the case of
its origin, a presumption might arise, that the plaintiff was a
holder for value paid by him, but that presumption is entirely
repelled by the fact, that the consideration belonged to Clark,
who paid for the note whatever of value there was in it.   It
must then be regarded as the property of Clark, and the plain-
tiff as holding it in trust for his benefit.   No instruction based
upon the assumption that the note did not belong to Clark
could have been properly given.   And the instruction in re-
lation to the knowledge of the plaintiff as to the consideration
was immaterial.   For if he did not own the note, and it was
the property of Clark, then the defence could be made in the
same manner as if the action were in the name of Clark,
whether the plaintiff had knowledge of the nature of the
consideration or not.

The jury had the right to determine the existence of the
parol contract, its extent and limitations.  · They are to find
not only what language was used, but its purport and mean-
ing.   In cases of written contracts, it is the duty of the Court
to define the meaning of the language used in them, but in
verbal contracts such duty is confined to the jury.   They are
not barely to ascertain the words and forms of expression,
but to interpret their sense and meaning.   *Copeland* v. *Hall*,
29 Maine, 93.

There was testimony introduced by both parties in relation to the question of the consent of the defendant for the return of Clark to Bristol. If such consent had been given, it is very apparent, that the defendant could not have objected to his return by way of defence to this action. And the jury were so instructed. But in determining this question, they were directed to take into consideration all the testimony in relation to it, and not to confine their examination to those portions of the testimony which were embraced in the plaintiff's request. The jury must regard the whole evidence upon any controverted point, and the request for instruction embracing but a part of that evidence and requiring a conclusion of the jury upon it, might have been very properly rejected.

There does not appear to be any error in the instructions, nor in the qualification of the requested instruction, and the exceptions must be overruled and judgment rendered on the verdict.